[S. F. No. 7302. Department Two.—June 6, 1917.]

J. FRANK & COMPANY (a Corporation), Respondent, v. NEW AMSTERDAM CASUALTY COMPANY (a Corporation), Appellant.

Insurance—Warranty of Status of Assured—Waiver.—An insurance corporation may usually stand upon the letter of its contract, and where the policy is based upon a warrant of status by the person, firm, or corporation seeking insurance, the insurer may in certain cases be relieved of liability by misrepresentations of the applicant, even when there is an absence of fraud. But an insurance company may waive provisions placed in the policy solely for its own benefit, and may by its conduct be estopped from asserting defenses which might otherwise be available.

ID.—Corporation Designated as Individual in Policy—Casualty Insurance—Defense of Action Against Assured.—Whatever right of avoiding the policy a casualty insurance company may have had by reason of a false statement in the policy that the insured was an individual, when in fact it was a corporation, is waived by the company's undertaking the defense of its assured, under a duty imposed by the contract, when the assured was sued as a corporation by the person injured.

ID.—Waiver of Previous Default—Recognizing Continued Validity of Policy.—When an insurance company, with full knowledge of all the facts, enters into negotiations and relations with the assured, recognizing the continued validity of the policy, the right to a forfeiture for any previous default which may be asserted is waived.

ID.—Payment of Loss by Assured—Liability of Insurer to Reimburse.—It is immaterial to the liability of a casualty insurance company to reimburse the assured for money actually paid in settlement of a loss how or when the assured obtained the money or the credit which enabled it to make the payment.

ID.—Waiver of Notice of Accident—Assumption of Control of Litigation.—The requirements of a policy of accident insurance that the assured shall give the insurance company written notice of the accident and forward to it the summons in any suit against the assured growing out of the accident are waived if the insurer actually assumes control of such litigation.

ID.—Stipulations to be Performed After Loss—Waiver.—The prohibition in an insurance policy against waiver, except in writing, does not apply to those stipulations which are to be performed after loss, such as giving notice and furnishing preliminary proof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Lilienthal, McKinstry & Raymond, for Appellant.

Louis H. Brownstone, for Respondent.

MELVIN, J.—Defendant appeals from the judgment and from an order denying its motion for a new trial.

The facts are simple. Cousins, an employee of plaintiff, was injured and brought suit for a large sum of money in damages. Defendant, a surety company, which had issued a policy in favor of plaintiff, took charge through its counsel

of the defense in that action.  Cousins obtained a judgment for two thousand five hundred dollars against J. Frank & Company, and the attorney for the New Amsterdam Casualty Company, although promising that an appeal would be taken, allowed the judgment to become final.  The judgment was paid and this suit was by J. Frank & Company (a corporation) to compel repayment of the amount of said judgment from its insurance carrier, New Amsterdam Casualty Company (a corporation).  The defense was highly technical and was based for the most part upon alleged rights of the insurer under its policy, which were waived by its assumption of liability evidenced by its undertaking the defense in the suit of Cousins against his employer.

Appellant's first point is that it was not bound by the terms of the policy to indemnify plaintiff for any loss, because it did not, as found by the court, enter into a contract of insurance with "the plaintiff" (a corporation), but with J. Frank & Company, *an individual*.  Undoubtedly an insurance corporation may usually stand upon the letter of its contract, and where the policy is based upon a warrant of status by the person, firm, or corporation seeking insurance, the insurer may in certain cases be relieved of liability by misrepresentations of the applicant even when there is an absence of fraud.  But an insurance company, like any other contracting party, may waive provisions placed in the policy solely for its own benefit and may by its conduct be estopped from asserting defenses which might otherwise be available.  We do not mean to say that the mere statement by the assured of individual rather than corporate status would avoid the policy if timely objection were made, but it is certain that whatever the rights of the Casualty Company may have been by reason of the false statement in the policy, it is now prevented by its own conduct from taking any advantage of that representation because it undertook the defense of its assured, under the recognized duty imposed by the contract, when J. Frank & Company was sued *as a corporation*.  The same able counsel who represented the interests of the defendant on behalf of the surety company in Cousins *v.* Frank & Company (a Corporation) conducted the defense in this action.  The complaint in the action for damages described J. Frank & Company as "a corporation duly organized and existing under and by virtue of the laws

of the state of California.'' This was admitted by lack of denial in the answer and that pleading was verified by Mr. Frank as president of the corporation. Thus the misnomer as well as any similar infirmity was waived by the conduct of the surety company. Moreover, the surety company by failing to appeal on behalf of J. Frank & Company from the judgment in the suit for damages, deprived the latter of important and valuable rights. The president of J. Frank & Company was told that counsel for the surety company had the matter of a settlement in hand, that an effort to settle was being made, but that no agreement would be made which would involve the payment of more than two hundred dollars. Having permitted the insured thus to alter its position, the surety company may not now seek to deny the binding force of the policy. When an insurance company, with full knowledge of all the facts, enters into negotiations and relations with the assured, recognizing the continued validity of the policy, the right to a forfeiture for any previous default which may be asserted is waived. (*Murray* v. *Home Benefit Assn.,* 90 Cal. 402–407, [25 Am. St. Rep. 133, 27 Pac. 309] ; *Knarston* v. *Manhattan Life Ins. Co.,* 124 Cal. 74–78, [56 Pac. 773] ; *Knarston* v. *Manhattan Life Ins. Co.,* 140 Cal. 57–62, [73 Pac. 740].)

Appellant attacks as not sustained by the proof the finding to the effect that the insurer erroneously inserted in the policy a designation of the assured as an individual. In view of our decision with reference to waiver of conditions, this finding is immaterial, and we are relieved from the necessity of discussing the alleged lack of evidence applicable to it.

Another finding which, according to appellant, is unsupported is the one by which the court declared that ''defendant through its attorneys had entire charge of the defense of said action'' (meaning the suit of Cousins against J. Frank & Company). It is asserted that because there was a claim by Cousins for an amount in excess of the maximum liability under the policy, the surety company deemed itself bound to invite Mr. Brownstone, who had acted in other matters for J. Frank & Company, to become associated with its counsel. Unquestionably he was asked to participate in the preparation and trial of that case, but he refused to accept the invitation. Mr. Raymond, one of the attorneys for defendant in this action, while on the witness-stand, speaking

of Cousins *v.* Frank, said: "I had absolute charge and control of the case." The finding is therefore fully supported, because it appears clearly from the testimony that Mr. Raymond was acting in behalf of the surety company when appearing for the insured.

The court found that plaintiff paid in full the judgment in favor of Cousins on the 24th of February, 1913, together with interest and costs, amounting in the aggregate to $2,635. In attacking this finding appellant again lays great stress upon the personal as distinguished from the corporate entity. The evidence tends to show, as appellant admits, that M. M. Morris loaned to the corporation two thousand dollars to be applied to the payment of the judgment, but appellant insists that the remainder, $635, was paid by Mr. Frank personally. Appellant calls attention to the provision in the policy to the effect that no action by the assured against the surety company will lie to recover for any amount except a loss "actually sustained and paid in money by the assured." After the recovery of judgment and before its payment J. Frank & Company made an assignment for the benefit of creditors. Subsequently the sum of two thousand dollars was borrowed from Morris on the security of a purported assignment by the corporation, J. Frank & Company, of its rights under the policy and the satisfaction of judgment was obtained on the same day. Yet there is no proof, according to appellant, of any *corporate* act, either in the execution of the note to Morris, the making of the assignment, or the payment of the judgment; and further, it is argued in appellant's behalf that by failure to produce the corporation's records (although ordered to do so by the court), respondent established the presumption against it that there was no corporate act touching the matter of the settlement of the judgment. This last contention is without merit. It is true that the court suggested to counsel for J. Frank & Company that he would better get the minutes and other books of the corporation during an adjournment, but there was no order to produce them, and if there had been the surety company easily might have requested its enforcement. This was not done. The mere fact that the books and papers were not brought into court did not create the presumption for which appellant contends. There is no pretense that the proof does not show the payment of the judgment in

actual money on behalf of J. Frank & Company. It is therefore immaterial to the insurance carrier how or when that corporation obtained the money or the credit which enabled it to pay Cousins the amount due. However, it does appear from the testimony of Mr. Frank that the assignment to Mr. Morris of the proceeds of any judgment against the surety company, given as security for the loan, was made after a meeting of the directors of the corporation, and as the president signed the assignment for the company, presumably he did so in the fulfillment of the formal action and instruction of the board of directors. Mr. Frank was the *alter ego* of the corporation, owning all of the stock except that necessary to qualify other directors. He had been sued on his liability as a stockholder after the judgment was obtained by Cousins against the corporation, and for that reason he arranged, as he testified, to get the loan for J. Frank & Company. We are of the opinion that the evidence supports the finding of payment of the judgment against it by J. Frank & Company, the corporation.

There was a motion for nonsuit based upon alleged failures on the part of the assured to obey certain requirements of the policy, namely, to send to the home office of the insurer written notice of the accident to Cousins, and after the commencement of the action by said Cousins to forward to the home office the summons served upon J. Frank & Company in that suit. Of course the conditions of the policy requiring notice to the home office of probable liability are intended primarily to afford opportunity to the insurer promptly to take charge of a defense. Such requirements are reasonable and just, but they are waived when, as in this case, the insurer actually does assume control of the litigation growing out of the accident. (*Knarston* v. *Manhattan Life Ins. Co., supra.*) There was no error in the denial of the motion for nonsuit.

Certain rulings relative to the admission of evidence are specified as erroneous. The admission of the policy issued to J. Frank & Company, an individual, and the acceptance in evidence of the judgment-roll in Cousins *v.* J. Frank & Company (a corporation) were justified upon principles discussed above. Certain questions were propounded to Mr. Faull, a representative of appellant, by which it was sought to bring out the details of a certain conversation between

him and Mr. Frank. These interrogatories were evidently designed to elicit testimony about Mr. Frank's declarations regarding the sources from which he expected to obtain funds for the payment of the judgment in favor of Cousins. The court, in sustaining objections to these questions, ruled that counsel had a right to discover whether or not the loss had been actually sustained and paid in money, but the learned judge said he did not see that the examination was addressed to such a purpose. Whereupon one of the counsel for defendant said: "I think your Honor is right." We agree with the court and with counsel's opinion expressed at that time.

Another exception was based upon the ruling sustaining the objection of plaintiff to a question directed to Mr. Morris in which it was sought to have him say with whom he had a conversation about the loan to plaintiff. If the ruling was erroneous, it was not harmful to appellant, because later in the examination Mr. Morris testified very fully concerning the conversations and all of the circumstances connected with the making of the loan.

An expert insurance broker, Mr. MacMeans, was asked if the rates of insurance for individuals were different from those charged to corporations. Over defendant's objection he was permitted to answer. In view of that which we have decided with reference to the waiver in the matter of the incorrect designation of plaintiff in the policy, this error, if it was error, is entirely immaterial.

The waiver evidenced by the *conduct* of the insurer is also a sufficient answer to the specification of error based upon the admission in evidence of certain conversations between Mr. Frank and Mr. Raymond, attorney for the surety company, and others between Mr. Frank and Mr. Vella, that corporation's adjuster. These conversations did not, as appellant insists, relate to prohibited waivers of the terms of the policy on the part of agents. They merely referred to the action of the company through its agents after it had waived all informalities and all possible objections by assuming control of the litigation. The prohibition in a policy against waiver, except in writing, does not apply to those stipulations which are to be performed after loss, such as giving notice and furnishing preliminary proof. (*Carroll* v. *Girard Fire Ins. Co.*, 72 Cal. 297–300, [13 Pac. 863];

*Wheaton* v. *North British & Mercantile Ins. Co.,* 76 Cal. 415–426, [9 Am. St. Rep. 216, 18 Pac. 758].) In the case at bar the conduct of the insurer, without reference to the statements of its agents, was sufficient to show its assumption of full liability under the policy.

Appellant's final point admittedly is not supported by the record, but in the brief of appellant it was announced that a motion in diminution of the record would be made, to the end that the argument might become relevant. No such motion has been made. Therefore, we may not consider the argument on that point.

Judgment and order affirmed.

Henshaw, J., and Lorigan, J., concurred.