## OLIVE D. BRONKIE, ADMX.
### vs.
## LUMBERMEN'S MUTUAL CASUALTY CO.

Superior Court      Hartford County      File #51573

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

Buckley, Creedon & Dahaner, Attorneys for the Plaintiff.

Day, Berry & Howard,      Attorneys for the Defendant.

## MEMORANDUM FILED MARCH 21, 1936.

O'SULLIVAN, J. Shortly before one o'clock on September 30th, 1931, William E. Dennis, an employee of the City of Torrington, while returning from his noon-day meal, entered the City Yard to resume his work. As he was walking across the Yard towards a building where he was required to punch the time-clock, preparatory to commencing his afternoon labors, he was hit and injured by an automobile owned by the City and being operated by one of his fellow employees, named Horton.

Dennis instituted an action solely against Horton in his individual capacity. Upon being served with the writ, the latter turned it over to counsel for the Lumbermens Mutual Casualty Company, the present defendant, because, prior to

the accident it had issued a policy of insurance to the City of Torrington indemnifying against liability not only the City but any other person who might be operating the automobile in question with the permission of the owner.

After issue was joined, the case was assigned for trial on May 2nd, 1933.

On May 1st, counsel for the insurer orally informed counsel for the injured man that coverage of Horton by the policy was denied, and on the day of trial he again advised opposing counsel that the insurer would pay no judgment if one were recovered.

Nevertheless, the case was defended solely by insurer's counsel, although no notice of disclaimer was ever given to Horton by the insurer, nor did the insurer enter into any agreement by way of reservation of right either with Horton or with the City, nor was the Court, before which the action was tried, advised of any disclaimer. The trial resulted in a plaintiff's judgment for $4,000.00 which remains unsatisfied.

In the meantime, Dennis has died and the administratrix on his estate has brought the present action under Section 4231 of the General Statutes to recover from the insurer the amount of the judgment rendered against Horton.

There would be no question of the insurer's liability were it not for the presence in the policy of certain exclusions of coverage upon which the defendant relies as support for its claim that the facts in this case do not warrant a recovery under the policy. The clauses in question follow: "EXCLU- SIONS. This policy shall not cover in respect to any auto- mobile . . . . (5) accidents to any employee of the Assured while engaged in any business or occupation of the Assured. . . . . (7) Any obligation assumed by or imposed upon the Assured by any Workmen's Compensation Agreement, plan or law."

A preliminary problem centers on the query as to whether or not Dennis was, at the time of the accident, an employee of the City engaged in its business or occupation. The test of being engaged in any business or occupation of an employer is not met by answering that at a given time the employee was doing something for which he was hired, but rather whether he was doing either the work assigned to him or

something incidental to or reasonably necessary for the proper performance of his duties. Thus, the servant who stops his work to get a drink for himself is still engaged in his master's business. **Birmingham Rolling Mill Company vs. Rockhold, 143 Ala. 115;** likewise, where he goes to a privy. **Connell vs. New York Central Railroad Company, 144 App. Div. (N. Y.) 664.** The same thing holds true when he temporarily rests. **Jacobson vs. Merrill and Ring Mill Company, 107 Minn. 74.** For similar reasons, one on the premises of his employer in anticipation of work, although the actual time of taking up his duties has not arrived, is deemed to have begun the relationship of master and servant. **Bentley and · Sons Company vs. Bryant, 148 Ky. 634.**

Consequently, while Dennis was on the City's property, where his duties required him to be, for the purpose of going to the time-clock to ring in for the afternoon, he was doing something so incidental to and interwoven with his work that he may be properly classified as one engaged in the City's business. **Olsen vs. Andrews, 168 Mass. 261; Boyle vs. Columbian Fire Proofing Company, 182 Mass. 93.** The importance of what has been discussed up to this point is, of course, apparent. Unless the injured man was an employee of the City of Torrington, Exclusions 5 and 7 would not be operative.

To meet and negative the conclusion as to the status of the injured man with reference to the city, the plaintiff contends that, properly construed, the word "Assured", where it occurs in the exclusion clause, should be treated as referring to any person to whom the extended coverage clause of the policy applies and that in this case it should be taken to refer to Horton; and consequently, that, since Dennis was not an employee of Horton, the exclusions relied on by the defendant have no application.

The plaintiff makes this claim on the theory that the meaning of the exclusion clause is uncertain and ambiguous. She asserts that where a policy is so framed as to leave room for two constructions, the words used should be interpreted most strongly against the insurer. This principle, of course, is elementary. **Morehouse vs. Employers Liability Assurance Corporation, 119 Conn. 416, 426.** None the less, the all important objective is to ascertain the intention of the parties

from the language of the instrument. The law does not look with favor upon constructions so forced and artificial as to distort provisions by giving to them a meaning manifestly not intended by which would be cast upon an insurer liability which it never agreed to assume. **Konroff vs. Maryland Casualty Company, 105 Conn. 402, 406.**

The claimed ambiguity concerns the word "Assured" in the exclusion clause. Does or does it not refer to and include the City of Torrington when applied to the facts of the instant case? The plaintiff claims it does not.

As elementary a principle as that hereinbefore recited is that a construction of one clause in a policy is to be reached by a reading of the entire instrument. **Miller Brothers Construction Company vs. Maryland Casualty Company, 113 Conn. 504, 513, 514.** An examination of the entire policy leads indisputably to the conclusion that the City cannot be excluded as an assured in the instant case. The policy reveals that the City is named as the assured. There is not a single instance in the entire instrument when the City is not referred to when the word "Assured" is used, even though at times the word may also include the additional assured. By way of examples, to pick up a few at random the word "Assured" is used in the following instances:

1. "This entire policy shall be void if the Assured has concealed or misrepresented any material facts concerning this insurance."

2. "If the policy is cancelled by the Assured, the company shall retain the customary short rate premium."

3. "If the business of the Assured is placed in the hands of a receiver, this policy shall immediately terminate."

4. "The premiums to be paid by the Assured are defined below."

Indeed, most of the instances furnished by the policy are those where the word "Assured" cannot mean any other than the City.

It is, therefore, concluded that the word "Assured" in the exclusion clause refers to the City even where an additional assured is involved. Where similar facts as those were presented, Courts have reached the same conclusion. **Bernard**

vs. Wisconsin Automobile Insurance Company, 210 Wisc. 133; 245 N. W. 200, Continental Casualty Company vs. Pierce, 170 Miss. 67; 154 Sou. 279. By the terms of the extended coverage clause Horton received the benefit of protection only in the same manner, under the same conditions, and to the same extent as did the City. An additional assured under a policy like that in question can never have greater protection than that afforded the named assured. Yet such would be the case if the plaintiff's position were sound. One would then be confronted with the anomalous situation furnished by the fact that certain protection available to an additional assured is denied to the one whose money paid for the policy and whose motive must have been to seek all the protection it could get rather than to lavish it upon some unnamed and as yet unknown person who fortuitously might later obtain permission to operate the automobile covered by the policy. Exclusion 5 would then become meaningless for all practical purposes. The injured party would simply ignore the employer, as he did in this case, because the policy would not cover the judgment. His suit would be directed at the employee, the additional assured, on the theory that the policy did cover such employee. Thus, at the whim of one accidentally injured, an exclusion clause could be nullified.

This Court can reach no other conclusion than that the word "Assured" in the exclusion clause must be held to include the City of Torrington.

To the foregoing conclusions which are hostile to the plaintiff's theories, she counters with the claim that the defendant must still be held liable because of its conduct in handling as it did the original action brought by Dennis against Horton. It will be recalled that the insurer defended that action without any reservation of its rights or without any notification of its position to either Horton or the City. The only person whom it advised that it would refuse to pay any recovered judgment was counsel for the injured man.

From its course of conduct, this plaintiff now asserts that the defendant is precluded from asserting its present claim through the doctrine of waiver or estoppel.

While waivers and estoppels are theoretically very different things, and the distinction between them is one easy to per-

ceive when express waivers are under consideration, it is nevertheless true that the dividing line between waivers implied from conduct and estoppels often times becomes so shadowy that in the law of insurance the two terms have come to be quite commonly used interchangeably. **Bernhard vs. Rochester German Insurance Company, 79 Conn. 388, 393.**

As originally pleaded, the reply to the special defenses alleged waiver. Lest question should later arise, this Court, after trial, suggested the addition in the reply of a claim of estoppel. This was complied with and counsel for the insurer advised that he might have an opportunity either to plead to or present any additional evidence he deemed proper upon this amendment.

The label appended to the plaintiff's claim is not controlling. As noted in **Vance on Insurance (2nd Edition) page 457 et seq.**, the thing itself which fixes the serious rights of the parties is more important than its name. Thus in **Oehme vs. Johnson, 181 Minn. 138, 231 N. W. 817,** the following appears:

> "The facts which we have stated bring the case within the principle of the cases holding an insurance company liable where, with knowledge of an exception to the risk, it assumes the defense of the suit against the insured. The liability is variously referred to the ground of waiver, or estoppel, or waiver in the nature of an estoppel, or contemporaneous construction of the contract, or an election by the insurer, or an estoppel by election—all of which terms are at times used. Courts have approached the question from different angles, have used different phraseology and have criticised that of others but have reached the same result whatever they named their route."

The plaintiff contends that there was a waiver in the strict legal sense of the word. The customary definition is that a waiver is the intentional relinquishment of a known right. It presupposes the possession of some right which is of value and which one voluntarily relinquishes. **Nishiloff vs. American Central Insurance Company, 102 Conn. 370, 378.**

The defendant contends that no waiver can be found, as one cannot waive something which never existed, nor can waiver engraft on the policy any liability not previously cov-

ered by it, since primarily obligations cannot be created in this way.

The defendant has, however, some splendid authority against it. The New York Court of Appeals in **S. E. Motor Hire Corporation vs. New York Indemnity Company, 255 N. Y. 69, 174 N. E. 65** says:

"The plaintiff can recover only upon proof that the insurance company waived the benefit of the clause excluding from the coverage of the policy accidents which occur while an automobile is operated by a chauffeur under the age of eighteen."

To the same effect, see **Myers vs. Continental Casualty Company, 12 Fed. (2nd) 52; Claverie vs. American Casualty Company, 76 Fed. (2nd) 570; Columbian Three Color Company vs. Aetna Life Insurance Company, 183 Ill. App. 384.**

The case in question is not one where the general insuring clause did not cover general liability for injuries to "any person or persons due to any accident as a result of the use of the automobile described herein". It is far different from an instance where one endeavors to hold liable an insurer which has issued, let us say, a fire policy on an automobile, and yet defends an action for injuries caused by the operation of the car.

The exclusion clause in the present policy was inserted to limit the extent of the general liability of the company. It was inserted for the company's benefit. It was a right the company possessed, and of this fact it was aware, or in the exercise of reasonable care, it should have been aware. It could, therefore, and actually did waive this right when by its conduct it carried through to a conclusion the defense in the action brought by Dennis against Horton, without notification of a reservation of rights to either Horton or the City. To be effective, the insurer must communicate its intention to the insured and not, as was done in this case, to counsel for the injured man. **Basta vs. United States F. & G. Company, 107 Conn. 446, 450.** To attempt a reservation of rights or to expect to nullify the claim of waiver or estoppel by such conduct as this insurer indulged in, is as ineffectual

to accomplish such purpose as would be the pounding of his desk by the general counsel of a company at its home office with a vehement statement to the office boy to the effect that the company would certainly pay no judgment in a specified case.

However, if the facts in this case do not amount to a waiver, it seems to this Court quite apparent that the conduct of the insurer has brought about a situation by which it is estopped to deny its liability. **Nalley vs. American Indemnity Corporation, 297 Pa. 215; Fairbanks vs. London Guaranty and Accident Company, 154 Mo. Appeals 327, 133 S. W. 664; Globe Navigation Company vs. Maryland Casualty Company, 39 Wash. 299; 81 Pac. 826; Frank and Company vs. New Amsterdam Casualty Company, 175 Cal. 293, 165 Pac. 927.**

The defendant insists, however, that there is no proof that the plaintiff has been prejudiced by the action of the insurer in defending the original action, an element which is essential to any claim of estoppel. Although there is a conflict among the authorities upon the point, the sounder proposition is that an assured is presumed to have been prejudiced where the insurer takes full charge of the defense of a negligence action. To hold to the contrary would be to cast upon an assured the impossibility of proving a past event which never did occur, namely, that had he conducted his own defense with his own counsel, he would have obtained better results than did the insurer through its counsel.

The assured loses substantial rights when he surrenders to the insurer the conduct of his case. It is a fact well appreciated that verdicts are apt to be larger where a jury knows that insurance is present in the case. It is an equally well accepted fact that juries are aware that certain lawyers are accustomed to represent insurance companies. Who will venture to say that any verdict would not have been as large as it was from the presence or absence of knowledge locked in the minds of twelve men, of the lack or existence of an insurance complex in the expressed verdict? To avoid the requirement that the assured prove what is impossible of proof, it is sounder and more equitable to assert that prejudice is presumed when the insurer takes charge of the defense. See exhaustive note in **81 A.L.R. page 1358 et seq.**

The last question to be answered is raised by the defendant who contends that, because of Exclusion (7) and General Condition E, the most that can be recovered in this action is the difference between the amount of the judgment against Horton and the amount Dennis received by way of Workmen's Compensation benefits.

Even assuming that the claim has some merit, it cannot have any practical effect in this case because of an absence of any counterclaim to support it. To effect this result would be to ignore the issues created by the pleadings.

Accordingly judgment may enter for the plaintiff to recover of the defendant $4770.75.