[Civ. No. 10327. Third Dist. July 9, 1963.]

CHARLES T. DALZELL et al., Plaintiffs and Respondents, v. NORTHWESTERN MUTUAL INSURANCE COMPANY, Defendant and Appellant.

Rich, Fuidge, Dawson & Marsh and Charles C. Dawson for Defendant and Appellant.

Steel & Arostegui, Albert J. Arostegui, Padric L. Nelson and Weis, Weis & Harpham for Plaintiffs and Respondents.

SCHOTTKY, J.—Automobiles being operated respectively by plaintiff Dalzell and plaintiff Harrison were involved in a collision on April 9, 1958. Dalzell brought an action against Harrison and in November 1958 recovered a default judgment for $10,000, which defendant Northwestern Mutual Insurance Company, Harrison's liability insurance carrier, refused to pay, claiming that it had no knowledge until May 19, 1959 (too late to remove default) that Harrison had been served, when it learned of said service from an adjuster employed by Dalzell's insurer, and that Harrison had breached an ex-

press condition of the policy by failing to notify it that he had been served. Dalzell refused to set aside the default by stipulation and thus allow Northwestern to defend Harrison as per its offer upon discovering the default. Dalzell and Harrison then joined in an action against Northwestern upon the policy. The action was tried to a jury and resulted in a verdict for $10,000 in favor of plaintiffs. Defendant has appealed from the judgment.

Appellant's major contentions upon this appeal are that there is no credible evidence to support the judgment and that the jury was incorrectly instructed as to the law, particularly as to the scope of an insurer's duty to independently ascertain whether a client had been served. Before discussing these contentions, we shall give a brief summary of evidence as shown by the record, bearing in mind the familiar rule that the evidence must be viewed in the light most favorable to the respondents; that all reasonable inferences to support the judgment must be indulged in; and that all conflicts in the evidence must be disregarded.

The following facts appear to be undisputed: Northwestern had received prompt notice of the accident from Harrison, knew within a few days after its filing that a complaint had been filed against Harrison on July 14, 1958, and knew that Dalzell's attorney was attempting to have Harrison personally served. Harrison was personally served on September 25, 1958, at Lake Almanor where he worked from May 14, 1958, to about October 27, 1958. He had made intermittent trips to his home in Wheatland during the period that he was working at Lake Almanor. On one of those trips he had met with Mason, Northwestern's adjuster for the area, and Coe, Northwestern's Wheatland agent, in Coe's office. This was before service had been effected (the date is disputed). At that time, and in response to a request by Mason that he deliver any papers related to the lawsuit which he had received, Harrison turned over his copy of a statement he had inadvertently given to an adjuster for the American Automobile Association (Dalzell's insurer) upon solicitation. Harrison and Coe conversed on the streets of Wheatland at various times after that—at least one of these meetings being after Harrison had been personally served at Lake Almanor. Mason then met with Harrison in the home of the latter's mother on January 6, 1959. At this time the summons was lying on the refrigerator in his mother's house. It was not handed over at that time, or at any time, until May 19, 1959.

There is some conflict in the remainder of the evidence. In pretrial depositions taken of Coe and Harrison it was stated by Harrison that he had never told Mason or Coe about the summons because he assumed that they "automatically knew all about the papers." (Elsewhere in the record he states that he had relied upon statements by the deputy who served him that the insurer would take care of everything, and upon an assumption that his wife whom Mason had contacted in August 1958 had told Coe of the service.) However, at the trial, after contradicting himself several times, Harrison testified he had told both Coe and Mason that he had been served.

Mason testified that he had at both the pre-September and the January meeting requested Harrison to turn over any papers received, or that he might receive. In his pretrial deposition Harrison stated that this was true. But at the trial, after saying the deposition must be true and that he did not remember, he flatly stated that neither Mason nor Coe had made such a request.

It is fairly inferable from the record that Harrison used the terms "sued" and "served" interchangeably and was not sure in his own mind what he had said.

From correspondence sent by Mason to the San Francisco office of Northwestern on April 22, 1959, it would appear that Mason did not think Harrison had been served up to that time.

The principal question presented on this appeal is whether the evidence is sufficient to show that the insurance company by its conduct waived or is estopped from asserting as a defense the provision in the policy requiring the assured to notify it of service of summons.

It is well settled that an insurance company may waive provisions placed in a policy for its own benefit and may by its conduct be estopped to assert defenses which might otherwise be available. (*J. Frank & Co.* v. *New Amsterdam Cas. Co.*, 175 Cal. 293, 295-296 [165 P. 927]; *Scott* v. *Federal Life Ins. Co.*, 200 Cal.App.2d 384 [19 Cal.Rptr. 258].) This rule applies to a provision requiring that suit papers be forwarded to the insurer. (18 A.L.R.2d 490.) To constitute a waiver there must be an intentional relinquishment of a known right, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief

that it has been relinquished. (*Scott* v. *Federal Life Ins. Co.*, *supra*, p. 391.)

The evidence in the record does support the implied finding of the jury that there was a waiver of the requirement that Harrison forward summons to it. Harrison testified that he was never told to deliver the summons to the insurer prior to May 19th; that he was told that he had nothing to worry about; and that Rich, Fuidge and Dawson would take care of the matter.

There was also evidence in the record which would support a finding that the insurance company had assigned the case to its counsel prior to the date default was taken. A letter from the adjuster to counsel dated April 22, 1959, requested counsel to ascertain whether Harrison had been served. No action was taken on this letter, at least within the six month's period when the default judgment could be set aside.

In the instant case the insurer knew that the accident had occurred and that suit had been filed by Dalzell. It assured Harrison that everything would be taken care of. From this evidence the jury could find that the insurer waived the requirement that the suit papers be forwarded to it. (Accord *A-1 Cleaners & Dyers* v. *American Mut. L. Ins. Co.*, 307 Ill.App. 64 [30 N.E.2d 87].)

It should be noted that actual knowledge of a breach of a policy provision is not essential to establish a waiver of a policy provision. It is sufficient if the insurer has information which if pursued with reasonable diligence would lead to the discovery of the breach. (*Loduca* v. *St. Paul Fire & Marine Ins. Co.* (Mo. App.) 105 S.W.2d 1011; see also *E. A. Boyd Co.* v. *United States F. & G. Co.*, 35 Cal.App.2d 171 [94 P.2d 1046].)

It is clear that the critical question in this case was whether the insurer had waived the requirement of the policy that the summons be forwarded to it. Both parties submitted instructions dealing with waiver. The jury asked that the instructions pertaining to waiver be reread shortly before the verdict was returned, and the evidence clearly supports the implied finding of the jury that a waiver occurred.

There was also evidence in the record from which the jury could find that even if summons were not forwarded appellant was not prejudiced by the failure of Harrison to forward the summons to it.

In the recent case of *National Automobile & Cas.*

*Ins. Co.* v. *Brown,* 197 Cal.App.2d 605 [17 Cal.Rptr. 347] (hearing denied), the court said at pages 608-609:

"It is settled in this state that failure to give the required notice is not fatal to an insured's claim unless the insurer has been prejudiced thereby. (*Hynding* v. *Home Acc. Ins. Co.,* 214 Cal. 743, 752 [7 P.2d 999, 85 A.L.R. 13]; *Reed* v. *Pacific Indem. Co.,* 101 Cal.App.2d 151, 159 [225 P.2d 255].)

The rule approved by the authorities in this state is that the question of prejudice is one of fact for the trier of fact. 'The ultimate conclusion in each case must depend on its own facts.' (*Abrams* v. *American Fidelity & Cas. Co.,* 32 Cal.2d 233, 239 [195 P.2d 797]; *Gibson* v. *Colonial Ins. Co.,* 92 Cal.App.2d 33 [206 P.2d 387]; *Security Ins. Co.* v. *Snyder-Lynch Motors,* 183 Cal.App.2d 574, 580 [7 Cal.Rptr. 28].)"

And in *Artukovich* v. *St. Paul-Mercury Indem. Co.,* 150 Cal.App.2d 312 [310 P.2d 461] (hearing denied), the court said at page 326:

"In the absence of waiver or estoppel it is well settled that if a liability policy makes compliance with a 'Notice of Injury, Claim or Suit' provision such as that in Industrial's policy a condition precedent to liability, no recovery can be had where the provision has not been complied with if prejudice to the insurer has resulted. (*Abrams* v. *American Fid. & Cas. Co.,* 32 Cal.2d 233 [195 P.2d 797]; *Gibson* v. *Colonial Ins. Co.,* 92 Cal.App.2d 33 [206 P.2d 387]; *Aronson* v. *Frankfort etc. Ins. Co.,* 9 Cal.App. 473, 475-478 [99 P. 537]. See cases collected 76 A.L.R. 23, 182, 123 A.L.R. 950, 981, 139 A.L.R. 771, 781, 18 A.L.R.2d 443, 452.) There is no claim of waiver or estoppel.

"Whether an insured has complied with a 'Notice of Injury, Claim or Suit' is a question of fact. (*Reed* v. *Pacific Indem. Co.,* 101 Cal.App.2d 151, 159 [225 P.2d 255].) There is a presumption that prejudice occurred. The presumption is not a conclusive one. The burden of proving an excuse for a failure to give notice of suit, and to forward the complaint, process, and other suit papers to the insurer rests on the insured. . . ."

The purpose of the requirement that the insurance company be notified promptly by the insured of the happening of an automobile accident is to enable the insurance company to make an investigation before the scent of factual investigation grows cold. Appellant was notified promptly of the accident and made an investigation. It knew of the

filing of the action against Harrison within a short time after it was filed and knew that the plaintiff in the action was endeavoring to serve summons on Harrison. In January 1959 the insurer took another accident statement from Harrison. At this time Harrison was told that he had not a thing to worry about. He was not told that anything further was required of him. The prejudice which occurred was not the result of Harrison's failure to forward the suit papers but rather the result of the inaction on the part of the insurance company. When the insurer indicated to Harrison that everything was taken care of, then it imposed upon itself a duty to ascertain if Harrison had been served with summons. The jury could find that the prejudice was caused by the insurer's failure to act and not by Harrison's inaction. This evidence in the record made the question of prejudice one for the jury. Following the usual rules of appellate review, we must hold that there was substantial evidence in the record to warrant submitting the question to the jury.

▇ There is also evidence by Harrison, though contradictory and equivocal, which would support a finding that appellant had notice of service of summons. (See Witkin, Cal. Evidence, § 485.)

▇ Appellant objects to certain instructions given to the jury.

The first instruction to which objection is made reads:

"An automobile liability insurance policy such as that being sued upon in this action is required by the Insurance Code of the State of California to contain, and this insurance policy did contain, 'A provision that whenever judgment is secured against the insured . . . in an action based upon bodily injury . . . then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment.' This means that if you should find that defendant insurance company insured the automobile driven by plaintiff Harrison at the time of his accident with plaintiff Dalzell, and if you should further find that plaintiff Dalzell recovered judgment against plaintiff Harrison on account of bodily injuries suffered in said accident, then plaintiff Dalzell is entitled to recover judgment against defendant insurance company in the amount of said judgment, subject to the terms and limitations of said policy."

Appellant's objection is that the instruction fails to tell the jury about the conditions precedent with which there must

be compliance before the insurance company is subject to liability. Instructions are not read in isolation. The jury was told in other instructions the duties imposed on Harrison. Thus, the instruction was not erroneous.

 The second instruction to which objection is made told the jury that failure to deliver the summons is not a defense unless the insurance company was "substantially" prejudiced thereby. Appellant objects to the use of the word "substantially." There are in the California opinions occasional dicta that a violation of a cooperation clause by the insured would not be a defense to the injured person if the violation did not "substantially" prejudice the insurer. (*Malmgren* v. *Southwestern A. Ins. Co.*, 201 Cal. 29 [255 P. 512]; *Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743 [7 P.2d 999, 85 A.L.R. 13]; *Western M. Co.* v. *Bankers Indem. Ins. Co.*, 10 Cal.2d 488 [75 P.2d 609]; *Panhans* v. *Associated Indemnity Corp.*, 8 Cal.App.2d 532 [47 P.2d 791].) We believe it is now the settled rule that before an insurance company may be absolved from liability on a showing of a breach of condition it must appear that the condition was a material one and that the violation was prejudicial. (2 Witkin, Summary of Cal. Law, Torts, § 372, pp. 1574-1575; *Reed* v. *Pacific Indemnity Co.*, 101 Cal.App.2d 151, 159 [225 P.2d 255].) In the *Reed* case this court said at page 161: " ' . . . The statement in *Hynding* v. *Home Acc. Ins. Co.*, 214 Cal. 743, 752 [7 P.2d 999, 85 A.L.R. 13], that "the violation of the conditions by the assured cannot be a valid defense against the injured party unless in the particular case it appears that the insurance company was substantially prejudiced thereby," has been regarded as a controlling principle in numerous actions where breach of a cooperation clause or notice provision has been asserted as a defense. It has never been overruled, although, upon occasion, it may have been overlooked (cf., *Coolidge* v. *Standard Acc. Ins. Co.*, 114 Cal.App. 716, 722 [300 P. 885]), and in the *Purefoy* case, *supra,* the Supreme Court suggested that the soundness of the statement might be open for reexamination in a proper case. The subsequent decision in the *Abrams* case, however, must be regarded as approving the rule stated in the *Hynding* case.' "

 Since the rule requires substantial prejudice, the instruction was not erroneous.

 Appellant also objects to the following instruction: "If you should find from a preponderance of the evidence that defendant insurance company had information of facts

sufficient to reasonably and prudently put it on inquiry as to whether or not plaintiff Harrison had been served with a copy of summons and complaint in the action brought by plaintiff Dalzell, and that having such information said insurance company wholly failed to make such inquiry, or having begun inquiry, failed to follow it up in a reasonable manner, then and in that event you are instructed that as a matter of law it is conclusively established that said insurance company knew that plaintiff Harrison had been served with summons and complaint.''

It is claimed that this instruction changes the burden of proof since Harrison had the duty of delivering the summons. It is claimed that the effect of the instruction was to impose on the insurance company a duty of checking to determine whether summons had been served.

This instruction is really a statement of the rule of constructive notice. (See *Miller* v. *Ash,* 156 Cal. 544, 558 [105 P. 600] ; 2 Pomeroy's, Equity Jurisprudence (5th ed.) § 610; 36 Cal.Jur.2d, Notice, § 7, p. 419.) This rule has been applied to insurance contracts. (See *E. A. Boyd Co.* v. *United States F. & G. Co.,* 35 Cal.App.2d 171 [94 P.2d 1046] ; *Loduca* v. *St. Paul Fire & Marine Ins. Co.* (Mo. App.) 105 S.W.2d 1011.) ▮ While we have found no case dealing with facts like those in issue, we believe that the rule that whatever should put a person on inquiry amounts in law to ''notice'' of such facts as would be discovered with ordinary diligence is applicable to the question of notice in insurance cases. (*Travelers Ins. Co.* v. *Eviston,* 110 Ind.App. 143 [37 N.E.2d 310].) This does not impose a duty of constantly checking the courthouse to ascertain whether summons has been served. It does impose a duty to act when one has notice of facts which should put it on inquiry. Under such circumstances an insurer may not, as was done here, sit back and do nothing. If it fails to act, it will be charged with notice of such facts as would be disclosed by a reasonable inquiry. ▮ The instruction does not alter the burden of proof, it merely sets forth the applicable rule of constructive notice.

▮ Finally, appellant attacks the following instruction:

''If you find from a preponderance of the evidence that the failure of plaintiff Harrison to forward summons and complaint to the defendant Insurance Company was the result of inducements and statements made to him by agents of defendant Insurance Company, which statements and inducements naturally and reasonably lulled him into the belief that

he was not required to forward said summons and complaint, then I instruct you that it is a question of fact for your decision whether defendants waived this requirement."

This instruction sets forth the rule of waiver or estoppel by conduct, and it is well settled that an insurer by its conduct may waive the requirements in a liability policy that summons be forwarded to it. (18 A.L.R.2d 443, 490.)

 The jury was instructed that plaintiffs could not recover unless there had been a waiver of the policy provision requiring Harrison to forward the summons and complaint served. It was instructed that plaintiffs had the burden of proving waiver. It was correctly instructed as to the meaning and consequences of a party having the burden of proof.

The instructions in their entirety, while not a model of brevity and clarity, adequately informed the jury of the law involved and its function as trier of fact upon the issues involved in the case.

Because of the earnestness and vigor with which counsel for appellant has presented this appeal, we have made a careful study of the entire record in the case at bench. As hereinbefore indicated, we have concluded that the evidence is sufficient to support the judgment.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.