[No. A034770. First Dist., Div. Five. July 23, 1987.]

■STEPHANIE DALE PRICE, Plaintiff and Appellant, v. FIREMAN'S FUND INSURANCE COMPANIES, Defendant and Respondent.

## COUNSEL

Marilyn V. Freytag and Lynch & Freytag for Plaintiff and Appellant.

Mark O. Rorem and Fisher & Hurst for Defendant and Respondent.

## OPINION

**KING, J.**—Stephanie Dale Price appeals from a judgment of dismissal of a surety defendant, Fireman's Fund Insurance Companies, in an action arising from the purported conversion of property by her mother, Shirley Price, as guardian of her estate. Stephanie contends the court erred in ruling she could not proceed against the surety until she established the amount of her loss through a surcharge order in probate court. We affirm.

According to Stephanie's second amended complaint, Shirley was appointed guardian of her estate in 1969, when she was five years old. The estate consisted primarily of the $20,000 proceeds of a life insurance policy on Stephanie's deceased father. Upon Shirley's appointment she posted a $20,000 surety bond written by Fireman's Fund Insurance Companies (hereafter Fireman's Fund). When Stephanie turned 18 in 1982, she learned that Shirley had converted all of her estate.

By informal letter Stephanie's counsel sought the assistance of the probate court in San Luis Obispo to determine the status of the estate. The court ordered Shirley to appear and show cause why she had not filed yearly accountings and why she should not be discharged and surcharged. Shirley failed to appear and a bench warrant was issued. She appeared pursuant to the bench warrant on April 4, 1983, and the matter was continued upon an order that she render an accounting or reappear before the court on April 25. Shirley failed to comply with the order, and another bench warrant was issued. Stephanie took no further action in the probate court.

In late 1984 Stephanie demanded payment from Fireman's Fund, which subsequently refused to make payment. Stephanie filed a complaint for damages against multiple defendants, including Fireman's Fund, on March 12, 1985. The complaint stated causes of action against the surety for breach of contract, bad faith, breach of fiduciary duties, fraud, and breach of statutory duties.

The court sustained a demurrer by Fireman's Fund on the ground the complaint did not allege a prerequisite probate court surcharge order or allege facts that would excuse a surcharge proceeding. The court granted leave to amend. Stephanie filed a first amended complaint, to which Fireman's Fund successfully demurred on the same grounds. Stephanie again received leave to amend. She filed a second amended complaint, to which Fireman's Fund once again successfully demurred on the same grounds. This time the court did not grant leave to amend, and rendered a judgment of dismissal as to Fireman's Fund.

## I.

██ Stephanie's primary contention is that the court erred in ordering the dismissal based on failure to allege the obtaining of a surcharge order against Shirley.

██ The general rule is that an action against a surety on a probate or guardian's bond cannot be commenced until there has been a prior accounting and surcharge order determining the liability of the administrator or

guardian. (*Alexandrou* v. *Alexander* (1974) 37 Cal.App.3d 306, 311 [112 Cal.Rptr. 307].) There are, however, exceptions to this rule, arising when an accounting is impossible or unnecessary. A prior surcharge order will not be required if the representative died, absconded, or was removed before final accounting, or if the representative is beyond the jurisdiction of the court, or if the amount of liability is ascertainable without an accounting. (*Ibid.*; *Reither* v. *Murdock* (1901) 135 Cal. 197, 201 [67 P. 784].) In such a case the policy against piecemeal litigation justifies a determination of the representative's and the surety's liability in a single proceeding. (*Zurfluh* v. *Smith* (1902) 135 Cal. 644, 647-648 [67 P. 1089].)

■ Aside from asserting a general argument against piecemeal litigation, Stephanie claims three of the exceptions to the general rule are applicable here and excused her from obtaining a prior surcharge order before commencing the present action. She argues (1) Shirley had absconded by refusing to render an accounting or appear in probate court on April 25, 1983, (2) Shirley was beyond the jurisdiction of the court due to her refusal to render an accounting or appear in court, and (3) the amount of liability was ascertainable without an accounting.

The first two arguments are meritless because the alleged facts regarding Shirley's failure to appear in probate court did not rise to the level of absconding or putting oneself beyond the jurisdiction of the court. Stephanie alleged only that after Shirley's first failure to appear she was brought into court on a bench warrant, and that a bench warrant again issued after her second failure to appear. There were no allegations concerning Shirley's whereabouts during the 31-month period between her second failure to appear and the filing of the second amended complaint. ■ The crux of Stephanie's absconding allegations was not that Shirley could not be found or was outside the jurisdiction, but simply that she had been avoiding legal process. Indeed, at the hearing on the third demurrer Stephanie's counsel indicated Shirley was in San Luis Obispo but was evading service. Avoiding service of process does not place one beyond the court's jurisdiction or amount to absconding for purposes of excusing a surcharge order. (Cf. *Reither* v. *Murdock, supra,* 135 Cal. at p. 198 [administrator had "absconded and could not be found"].)

■ The third argument is meritless because the second amended complaint did not include sufficient allegations showing the amount of Shirley's liability was ascertainable without an accounting. There were no specific allegations as to what became of Stephanie's estate, other than general claims of mismanagement and the assertion that Shirley had paid only $3,900 to Stephanie. Thus the second amended complaint was insufficient to show an accounting was unnecessary. (Cf. *Alexandrou* v. *Alexander, supra,*

37 Cal.App.3d at pp. 311-313 [representative who misappropriated all estate assets had filed final account and was discharged; since entire estate had been misappropriated, accounting would be unnecessary].)

Because none of the exceptions to the general rule were applicable here, the court did not err in requiring an allegation of a prerequisite surcharge order.

## II.

██ ██ Stephanie next contends she alleged sufficient facts demonstrating Fireman's Fund had either waived or was estopped to assert the requirement of a prior surcharge order. She relies upon (1) an allegation in the second amended complaint that Fireman's Fund was negligent in writing the bond because Shirley had previously been adjudged a bankrupt, and (2) a letter written by Fireman's Fund in which the surety purportedly admitted liability without a surcharge order.

Again, the contention is meritless. The allegation concerning Shirley's bankruptcy is irrelevant to any waiver or estoppel regarding the requirement of a prior surcharge order. As for the letter from Fireman's Fund, Stephanie mischaracterizes its contents. The letter, written on December 3, 1984, in response to Stephanie's demand for payment from the surety, simply acknowledged receipt of the demand letter, stated the surety was attempting to determine whether the bond had been canceled, and requested Stephanie to submit proof of her loss "to avoid any further delays in case coverage is determined." The letter was simply a request for further information, and as such did not constitute "an intentional relinquishment of a known right, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." (*Dalzell* v. *Northwestern Mutual Ins. Co.* (1963) 218 Cal.App.2d 96, 101-102 [32 Cal.Rptr. 125].)

██ Stephanie claims detrimental reliance in that she filed a proof of loss with the surety without obtaining a surcharge order in the reasonable belief the surety would pay on the bond. The second amended complaint, however, contains no such allegation, and in fact Stephanie abandoned any further proceedings against Shirley in probate court after Shirley's second failure to appear, more than 19 months before receipt of the letter from Fireman's Fund.

## III.

██ Finally, Stephanie contends the court "abused its discretion" by erroneously requiring her to present evidence of waiver or estoppel despite

the fact the action was only at the demurrer stage. She relies on the court's comment at the hearing that "I don't find enough *evidence* in here to constitute a waiver or an estoppel . . . ." (Italics added.)

Stephanie has quoted the court out of context. In ruling on the second demurrer, the court stated clearly at the hearing and in a written order that Stephanie had failed to allege facts clearly showing waiver or estoppel. At the hearing on the third demurrer, the court referred to its prior finding of deficiency in the pleadings and said, "I don't find that the problem has been cleared up." The court *never* required any presentation of evidence. Thus, despite the possible connotations from the court's comment taken out of context, the record as a whole demonstrates the court did not require an evidentiary showing, but ruled as it did based solely on the sufficiency of the pleadings.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.