## GLOBE DISTRIBUTING COMPANY *v.* LOUIS SWIMMER ET AL.

[No. 26, January Term, 1940.]

*Decided March 5th, 1940.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Isidore Ginsberg*, with whom were *Ginsberg & Ginsberg* on the brief, for the appellant.

*Raphael Walter* and *David S. Sykes*, with whom were *Nyburg, Goldman & Walter* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The action on this record was brought by the Globe Distributing Company, a body corporate of the State of Maryland, plaintiff, against Louis Swimmer, J. G. Senner, and Mannie Levin, defendants, for money payable by the defendants to the plaintiff for goods bargained and sold by the plaintiff to the defendants. The damages claimed are laid in the sum of $750. The action was on one of the common counts against the defendants jointly. A bill of particulars was demanded, and filed. In its final amended form the particulars supplied are that the defendants are the persons to whom a liquor license was issued by the Board of License Commissioners of Baltimore City for the sale of liquor on the premises known as the New Howard Hotel, located in Baltimore City, and that the claim of the plaintiff is a balance of $551.36 "for merchandise sold by the said plaintiff to the said licensees as they appear on the books of the plaintiff," and that the invoices were made out to the New Howard Hotel or to the "Wonder Bar" in accordance with the custom of the plaintiff's business to facilitate shipments. A statement of the account and duplicate invoices of charges and credits were attached to the bill of particulars and made a part of the same. The bill of particulars

concludes with a separate paragraph to the effect "that the claim of the plaintiff is based on the liability of the defendants as licensees under the provisions of article 2B of the Code of Public General Laws of Maryland as contained in the 1935 Supplement of the Annotated Code of Maryland, and the following amendments thereto as are contained in the Acts of 1937, inclusive of 1937 Special Session of the General Assembly of Maryland: Chapters 411, 398, 353, 493, 476, 133, 324, 20, 440, 399 and 492 of the Acts of 1937, regular session; and Chapter 11 of the Acts of 1937, special session."

The statement and invoices referred to show that the invoices were issued against "Wonder Bar" or "New Howard Hotel" with the common address at 8 N. Howard Street, as explained in the body of the bill of particulars; and that the statement of the charges and credits was drawn against the named three defendants, "trading as New Howard Hotel."

No exception was taken to the form of the amended bill of particulars, but a demurrer was filed to the declaration, and was sustained. The plaintiff failed to amend, and for this default a judgment was entered against the plaintiff in favor of the defendants for costs. The appeal is from this judgment.

The single common count in assumpsit is of the standard and approved form, and no demurrer may be sustained to it. Nor does the amended bill of particulars mark any departure, nor does it introduce any conflict with the declaration nor make its amplified allegations insufficient in law. The cause of action on the declaration, as made specific by the particulars supplied, is an action brought by the plaintiff for the value of merchandise sold and delivered by the plaintiff to the defendants for their joint account but for which they have failed to pay. The designation of the defendants by names adopted for their identification and convenience in shipment and delivery does not affect the joint liability of the defendants, who thus received the goods sold which

they. are alleged to have jointly bought and received of the plaintiff. Again, in the heading of the statement of the account with the names of the defendants, "trading as the New Howard Hotel," there is nothing to affect the joint liability of the three defendants under the declaration and bill of particulars. No partnership is set up by this heading. The three defendants may jointly trade under any name they choose, and the mere heading of the account attached to the bill of particulars, that they traded under an adopted name, does not of itself make them liable as partners instead of merely joint undertakers in a particular enterprise, as appears from the specific statement in the declaration and particulars.

The parties, upon facts which are not found in the record, pressed upon the court, as the major question involved, whether the provisions of article 2B, entitled "Alcoholic Beverages," of the Code of Public General Laws, imposed upon a licensee, as the individual applicant for a liquor license issued for the use and benefit of a hotel corporation, the civil obligation of that corporation. The question is not before the court on the record, and, therefore, it will not be considered.

Finding no error on the demurrer to the declaration, the judgment will be reversed.

*Judgment reversed, with costs to the appellant, and the case remanded.*