ARTHUR B. PRICE *v.* SYLVIA L. ADALMAN, ET AL.

[No. 14, April Term, 1944.]

*Decided June 13, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN and BAILEY, JJ.

*Wallis Giffen* and *J. Purdon Wright,* for the appellant.

*Nathan Hamburger,* with whom were *Rome, Rome & Hamburger* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the court.

Three partners, trading as Terminal Distributing Company, sued Arthur B. Price, individually and trading as Carr's Restaurant, and also trading as Carr's Grill and Rotisserie, in the Baltimore City Court for $375.04 for beer and ale sold to Carr's Restaurant, in the City of Baltimore. The suit was brought under the Speedy Judgment Act of Baltimore City, and in compliance with that act, the various itemized bills were filed. These run from April 30 to July 18, 1942. In the printed record each separate bill occupies a page, the total taking up 52 printed pages. Each bill is in the same form. All are alike, except for the dates, distinguishing numbers, and the items. There is no question about the amounts of these bills, and one of them would have given the court all the information pertinent to the issues in this case. It is true they had to be filed with the declaration when the suit was brought, but that does not justify their inclusion in the printed record. They could have, and should have, been all omitted except one, and a statement attached to that one giving such information about the others as the parties desired.

The defense to the action was that Price never traded under any of the names above set out, but was a stockholder, officer, and director of a corporation, known as Carr's Grill, Inc., which purchased the beer, and therefore he was not individually liable. The corporation eventually went into bankruptcy. The case was tried without a jury. A judgment was given for the plaintiff for the full amount, with counsel fee of $25. From this judgment the appeal was taken.

It appears from the testimony that the plaintiff-appellees were selling Pabst beer, and the items included in the account, and for which the judgment was given, were sold to Carr's Restaurant, located at 21 East North Avenue. The application made to the Board of Liquor License Commissioners of Baltimore City for a Class B beer and wine license for this location was made on March 18, 1942, by Price in his own name. In that application he stated under oath that the trade name under which he would operate was Carr's Grill. He stated that he was the owner of the business, and that no other person was in any way financially interested in the business. On the strength of that application a license was issued on April 9, 1942, to run until April 30, 1942, to Arthur B. Price for 21 East North Avenue. Carr's Grill, Inc., was incorporated on March 26 1942, by Raymond H. Carr, George Flentje, and Price. These three were the officers and the stockholders were Carr and Price. Carr ran the business, and Price had nothing to do with its operation. The license had to be renewed on May 1, and Price made application for such renewal on April 10. This time he put in his application to which he made oath that the name of the licensee was Arthur B. Price and his trade name was Carr's Grill, Inc. He further certified that the facts and information set forth in the application upon which the current license had been issued were unchanged. The new application was made on a renewal form. Instruction four, attached to that form, states that if any of the facts other than age, or home residence, are changed it is necessary to apply for a license on an original application

form. On the strength of this renewal application, a new license for the year from May 1, 1942, was issued to Arthur B. Price (Carr's Grill, Inc.).

The provisions with respect to the issuance of licenses for the sale of alcoholic beverages are to be found in Article 2B of the Code. It is provided by Sec. 2 of that Article that it shall be unlawful for any person to sell or keep on his premises for the purpose of sale any alcoholic beverage without a license or permit, with certain exceptions not applicable in this case. Sec. 29 provides that a license shall not be issued to a corporation as such, but if the application is made for a corporation, it shall be applied for and issued to three of the officers of such corporation as individuals for the use of the corporation. At least one of these individuals shall be a registered voter and taxpayer of the city. The application is required in such case to give other information about the corporation.

It is apparent from the record that neither license in this case was issued to the corporation, Carr's Grill, Inc. Both were issued to the appellant. There is testimony on behalf of the sales manager of the appellees that he talked to the appellant and arranged with him to buy the beer, but this is not very conclusive, and it is quite vehemently denied by the appellant. It appears, however, that a printing concern issues a pamphlet showing a list of new licenses, transfer of licenses, and applications. This was subscribed to by the appellees, and in it they saw the record of the issuance of a license to Arthur B. Price, Carr's Grill. Thereupon they got in touch with Carr's Grill in order to sell beer. They also went to the office of the Board of Liquor License Commissioners, when they started to do business with Carr's Grill, to check on the license.

The appellant's explanation of the reason for getting a license in his own name was that when he made an application, he followed the instructions of the clerk of the Board of Liquor License Commissioners, who advised him that under no circumstances could a corporation be granted a license. He said, "I followed the instructions

of the clerk, who told me I was sufficiently known and I was sure a license would be granted, and it was no objection around the neighborhood, and all the charges, and no one objected, if my name was on there I would get a license, and that's why it was on there."

Here then we have a case where the appellant, an apparently well-known business man in Baltimore City, enters into an arrangement with another man to start a restaurant, he advancing money, and the other man putting up fixtures and experience in the business. These two and the other man's attorney incorporated. The appellant first takes out a license under which business is to be done in his own name, and makes oath that no one else has any financial interest in the business, this being before the corporation is formed. After the corporation is formed, he applies under oath for a renewal, using a form which he could not use if there had been any change in the ownership. At that time he certifies that the facts and information contained in the original application are unchanged. He stated in his testimony that he could not get the ordinary corporation license because the other party interested was a nonresident, and the third incorporator and director was a lawyer and did not want to have his name appear as an applicant for a liquor license. His testimony above quoted gives another very cogent reason why he made the application as he did. That was that he was well known, and there would be no objection to his having a license. Whatever was the reason, he made statements which resulted in licenses being issued not to the corporation but to him.

It is strongly contended on behalf of the appellant that the purpose of the requirements of Article 2B with respect to individuals is to make someone personally responsible for violations of the law. In other words, that the responsibility assumed by an individual is criminal responsibility only, and that the statute has no effect upon his civil liability for debts. It is claimed that the appellant is no more responsible for the debts of his corporation than is the stockholder of any other kind of corpora-

tion under ordinary circumstances. Assuming, but not deciding, that Article 2B is not concerned with civil liability, nevertheless another element enters into the case. The appellant held himself out to the world as the only person who could conduct the business, as the only person who could buy and sell beer at the address named, and as the sole owner of the business for which the license was issued. When an examination was made by the manager of the appellees of the records at the office of the Board of Liquor License Commissioners, he found not a license for a corporation, but a license for the appellant. It is true that on the renewal license there appears after his name the words "Carr's Grill, Inc.," but this does not indicate that the license was issued to a corporation. On the contrary, it indicates that the license was not issued to a corporation, because it was not issued as required by the statute when a corporation wants to get a license. The inspector of the License Board testified that this may have been a trade name, that the Board was not concerned with trade names, but only with ownership. The appellees, therefore, were entirely justified in believing that the appellant was the entire owner of the business. The appellant has not testified that he ever notified them, or anyone else, not to expect him to pay for anything delivered at 21 East North Avenue, the place of business. The ledger sheets of the appellees show that the account was carried in the name of Carr's Grill or Carr's Restaurant, and the itemized bills attached to the declaration are headed Carr's Rest. The mere heading of the account does not change the liability. *Globe Distributing Company v. Swimmer*, 177 Md. 653, 11 A. 2d 449. The appellant therefore held himself out as the owner of this business, and he can not now be heard to say that he is not responsible. *McBriety v. Phillips*, 180 Md. 569, 26 A. 2d 400.

When a party voluntarily so conducts himself that another party in good faith relies upon his conduct, and is thereby put in a worse position, then the first party is estopped from asserting rights which might otherwise

exist to keep the second party from his remedy. *Rodgers v. John,* 131 Md. 455, 102 A. 549; *Pearre v. Grossnickle,* 139 Md. 1, 114 A. 725; *Benson v. Borden,* 174 Md. 202, 198 A. 419; *Rody v. Doyle,* 181 Md. 195, 29 A. 2d 290; *Wright v. Wagner,* 182 Md. 483, 34 A. 2d 441; *Brenner v. Plitt,* 182 Md. 348, 34 A. 2d 853. The present case comes within this rule, and we hold that the appellant is estopped from making any legal or technical defense under the circumstances of this case. It is not necessary in view of our conclusion upon this point to discuss the elaborate argument of the appellant that there is no civil liability, as such, imposed upon a licensee by the provisions of Article 2B. The question was once before raised in this court, but the record in that case did not furnish the facts upon which it could be decided. *Globe Distributing Company v. Swimmer,* supra. Nor can we decide it here, because the appellant is not in a position to raise it. The judgment of the Court below will be affirmed.

*Judgment affirmed, with costs.*