## Meierdierck v. Miller (et al., Appellant).

Argued November 10, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Henry T. Reath,* with him *Duane, Morris & Heckscher,* for appellant.

*Theodore R. Mann,* for plaintiff, appellee.

*Jerome L. Markovitz,* with him *S. Robert Levant,* and *Markovitz, Stern & Shusterman,* for defendant, appellee.

OPINION BY MR. JUSTICE COHEN, January 12, 1959:

The appellee, Victor Meierdierck, plaintiff in a trespass action recovered a judgment against Herman Miller. This action was then taken against the Eureka Casualty Company, garnishee, to collect the judgment, Miller being an assured of Eureka. Eureka refused to pay the judgment alleging they had not received written notice of the accident in accordance with the terms of the policy which provided that: "When an accident occurs written notice shall be given by or on behalf

of the insured to the company or to any of its authorized agents as soon as practicable." This is not an unusual provision. Most, if not all, policies of liability insurance require notice of the accident within a certain time as a condition precedent to the imposition of liability on the part of the insurer.

The testimony disclosed that the accident occurred October 25, 1955, and that the assured, Miller, wrote and mailed a notifying letter to Eureka on October 27, 1955. The letter was addressed to the Chester Avenue office of the company, where they had been located prior to their removal to Walnut Street shortly before the accident. The garnishee-insurance company, questioned the mailing of the letter and introduced evidence that the letter was not received. When the issue was presented to the jury the court charged: "If you find that the notice was not given by Mr. Miller, and if you find the inference and presumption are not sufficient to convince you by a fair preponderance of the evidence that that letter was mailed and received, then, of course, you should find for the defendant (garnishee)." The jury did find for the defendant-garnishee, and the lower court granted motions for a new trial from which order Eureka appealed.

It is well established that the assured claiming rights under an insurance policy has the burden of proving compliance with the terms and conditions. *Unverzagt v. Prestera*, 339 Pa. 141, 13 A. 2d 46 (1940). The Eureka policy requiring that notice be given "as soon as practicable" is a condition precedent to the imposition of liability. Failure to comply releases Eureka even though no prejudice may have resulted. *Ross v. Mayflower*, 338 Pa. 211, 12 A. 2d 569 (1940). Assured having met the obligation to give notice by introducing testimony that the notice was mailed, was

the court's charge to the jury requiring that they find by a fair preponderance of the evidence that the letter was both mailed and *received* a proper instruction?

While the general rule is that depositing a properly addressed prepaid letter in the post office raises the presumption that it reaches the destination by due course of the mail, and mailing a letter in such a way is prima facie evidence that it was received by the persons to whom it was addressed, *Cameron Estate,* 388 Pa. 25, 35, 130 A. 2d 173 (1957), does the denial of the receipt of the letter by the addressee (here the insurance company-garnishee) nullify the presumption and leave the question of the receipt of the notice open to the jury's determination? We think not.

Testimony contravening the receipt of the notice by Eureka does not put into issue the question of whether the letter was received. The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressees. Usually, the one who mails a letter is devoid of any ability to prove receipt of the letter by the addressee. The testimony by the addressee that he did not receive the letter, while admissible, is admitted only because of the import of that testimony on the issue of whether the letter was *mailed.*

In this type of insurance contract the requirement that written notice be given implies the use of the mails in forwarding the notice. The responsibility of the assured and the responsibility of an offeree tendering an acceptance are similar. Where the use of the mails as a means of acceptance is authorized or implied from the surrounding circumstances, the acceptance is complete by posting the letter in normal mail channels, without more. Restatement, Contracts §66; I Williston, Contracts §83 (3d ed. 1957). See also *Cosgrove v. Woodward,* 49 Pa. Superior Ct. 228 (1912). There is no re-

quirement of receipt unless expressly provided for. Therefore, when the court charged that the jury must find both posting and receipt error was made. Clearly, the assured was not required to convince the jury by a fair preponderance of the evidence that receipt had been accomplished.

Appellees direct our attention to the court's charge which disregarded the question of the timeliness of a delayed notice. The insurer did receive a notice from the assured some ninety-three days after the accident, but only seventy-one days after the assured had knowledge that someone was injured. They urge that timeliness of the delayed notice was properly in issue regardless of the question of mailing of the original notice. Appellees rely on *Hughes v. Central Accident Ins. Co.,* 222 Pa. 462, 71 Atl. 923 (1909), where timeliness of delayed notice is held properly a jury question where there are extenuating circumstances. Where special circumstances do not appear, the question whether the insured has complied with the requirements of the policy in giving notice of an accident is one for the court. *Ross v. Mayflower,* supra. See also *Jeannette Glass Co. v. Indemnity Ins. Co. of N. America,* 370 Pa. 409, 88 A. 2d 407 (1952). In that event our function is to review for abuse of discretion. Under all the circumstances of this case, the question of timeliness of delayed notice should have been submitted to the jury under proper instruction. However, this error can be cured now that a new trial has been granted.

Order affirmed.

Mr. Justice BELL dissents.