**TRAVELERS INDEMNITY COMPANY,**
a body corporate of the State of
Connecticut, Appellee,

v.

**ROSEDALE PASSENGER LINES, INC.,**
a body corporate of the State of
Maryland, Appellant.

No. 14714.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 4, 1971.

Decided Nov. 4, 1971.

Albert V. Bryan, Circuit Judge, filed concurring opinion.

---

Thomas G. Bodie, Towson, Md. (William F. Mosner and Power & Mosner, Towson, Md., on the brief), for appellant.

Paul V. Niemeyer, Baltimore, Md. (Joseph H. Young, Baltimore, Md., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

Rosedale Passenger Lines, Inc., appeals from a judgment in favor of Travelers Indemnity Company which reimbursed Travelers for funds it paid to discharge a Baltimore City Court judgment against Rosedale. The district court held that Rosedale, Travelers' insured, was estopped from asserting that it had forwarded suit papers to Travelers, and, accordingly, it denied recovery under the cooperation clause of the insurance policy.[1] Because we believe that Travelers breached its duty to defend Rosedale and that the doctrine of estoppel is inapplicable, we reverse.

Promptly after an accident on December 14, 1964, Rosedale notified Travelers that a passenger had been injured on one of its buses. Travelers investigated the claims asserted by the passenger and her husband, conferred with the claimants' attorney, and eventually denied liability except for medical payments. The

1. Travelers Indemnity Co. v. Rosedale Passenger Lines, 311 F.Supp. 993 (D.Md.1970).

claimants filed suit against Rosedale in Baltimore City Court on July 10, 1967, and service was accepted by Rosedale's office manager on July 12, 1967. Rosedale contends, and Travelers denies, that the office manager sent the papers to Travelers' Baltimore office on July 14, 1967.

No answer was filed, and the claimants obtained a default judgment on September 25, 1967. On October 24, the court assignment commissioner notified Travelers' local counsel that a default judgment had been entered against Rosedale and that an inquisition to ascertain damages had been scheduled. Travelers' attorney notified the Baltimore claims manager who immediately requested the company's home office in Hartford, Connecticut, to send the accident file to Baltimore. The home office mailed the file on October 24, and the Baltimore office received it on October 26. Four days later, on October 30, the claims manager examined the file and found no suit papers. Acting on advice of Travelers' attorney, he then sent Rosedale a certified letter advising it of the default judgment, that an inquisition had been scheduled for November 1, and that Rosedale should take such action as it deemed necessary. Rosedale received this letter on October 31, and the same day its office manager orally and in writing informed Travelers that Rosedale had no knowledge of the suit and that it had not received the suit papers. On November 1, Travelers' local counsel advised the Baltimore claims manager to "sit tight." Neither Travelers nor Rosedale was represented at the inquisition, and the court awarded substantial damages to the claimants.

Travelers subsequently paid the claimants' judgment and brought this action, asserting that Rosedale had breached the policy's cooperation clause because it had failed to forward the suit papers. The district judge found that Rosedale's office manager had mailed the suit papers to Travelers. This finding was based entirely on the credibility of the office manager, who belatedly produced a copy of this letter of transmittal of the papers to Travelers and testified that his statement of October 31, denying knowledge of the suit was a mistake. Federal Rule of Civil Procedure 52(a) requires us to accept this finding.

The district judge also held that by mailing the suit papers Rosedale complied with the notice requirement of the insurance policy, which provides:

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

He ruled that the clause does not require proof the insurance company received the papers. His interpretation conforms to the plain meaning of "forward." Webster's, New International Dictionary 896 (3d ed. 1964). The Maryland Court of Appeals has not considered this question. However, other courts, construing similar but not identical clauses, have reached the same result. *See, e. g.*, Schott v. Continental Auto. Ins. Underwriters, 326 Mo. 96, 31 S.W.2d 7 (1930); Meierdierck v. Miller, 394 Pa. 484, 147 A.2d 406 (1959); Heimbecher v. Johnson, 258 Wis. 200, 45 N.W.2d 610 (1951); *but cf.* Baldwin v. Fidelity Phenix Fire Ins. Co., 260 F.2d 951 (6th Cir. 1958). Accordingly, we accept the district judge's view of Maryland law on this issue.

The district judge concluded, however, that Rosedale's negligent denial of knowledge of the suit on October 31 estopped it from asserting that it had forwarded the suit papers to Travelers. Maryland follows the conventional rule that the elements of estoppel include a change of position resulting from reliance on another's conduct.[2] Because in

---

2. In Price v. Adalman, 183 Md. 320, 37 A.2d 877, 879 (1944), the Court of Appeals held:

"When a party voluntarily so conducts himself that another party in good faith relies upon his conduct, and is there-

our opinion Travelers did not change its position by relying on Rosedale's October 31 representation, the doctrine of estoppel is inapplicable.

■ The information Travelers obtained on October 24 concerning the default judgment was reliable, and it obligated Travelers to inquire about the status of the case. Dalzell v. Northwestern Mut. Ins. Co., 218 Cal.App.2d 96, 32 Cal.Rptr. 125, 130 (1963). Travelers, however, made no effort to verify the report by examining the court records or by questioning Rosedale. On October 24, Travelers had at least one day in which to request the court to exercise its general revisory power over judgments pursuant to Maryland Rule of Procedure 625.[3] Travelers' decision on October 24 not to examine the court records to determine the status of the case and to make no motion to vacate the judgment was not based on any information that it had acquired from Rosedale.

When Travelers, on October 30, ascertained that its file did not contain the suit papers, it wrote Rosedale to take such action as it deemed necessary to defend itself.[4] Travelers' letter plainly indicates that it had already decided to rely on a policy defense rather than defend the suit against Rosedale.

Moreover, it is significant that Travelers' letter of October 30 did not call for any response from Rosedale. Rosedale's erroneous statement was given during the course of a conversation initiated by its office manager when he sought an explanation of Travelers' letter of October 30. Travelers' contention that it relied on this fortuitous conversation to change its position is untenable. It is apparent that Travelers made its crucial decisions not to defend the claim against Rosedale on October 24 and October 30. In making these decisions it did not rely on Rosedale's statements of October 31. Rosedale, therefore, is not estopped from showing its compliance with the policy's cooperation clause.

■■ Maryland law requires an insurance carrier to exercise reasonable care, diligence, and good faith in defending its insured. State Farm Mut. Auto. Ins. Co. v. White, 248 Md. 324, 236 A.2d 269 (1967). Travelers breached this duty on October 24. Knowing that a default judgment had been entered against its insured, it took no steps to comply with Rule 625 or to notify Rosedale of the judgment so Rosedale could act in its own behalf. Six days later when Travelers finally notified Rosedale about the default judgment, the 30-day period

by put in a worse position, then the first party is estopped from asserting rights which might otherwise exist to keep the second party from his remedy."

3. "Revisory Power of Court Over Judgment.
   For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity." 9B Md.Code Ann., Rule 625 (1963 Repl.Vol.).
   A judgment by default is a final judgment as to liability within the meaning of Rule 625. Himes v. Day, 254 Md. 197, 254 A.2d 181 (1969).
   The court's discretion in setting aside a default judgment within 30 days must be exercised liberally. Eshelman Motors Corp. v. Scheftel, 231 Md. 300, 189 A.2d 818 (1963). In contrast, after the expiration of 30 days, the court's power is not discretionary, and fraud, mistake or irregularity must be shown. Berwyn Fuel & Feed Co. v. Kolb, 249 Md. 475, 240 A.2d 239 (1968); Tasea Investment Corp. v. Dale, 222 Md. 474, 160 A.2d 920 (1960).

4. The full text of Travelers' letter of October 30 to Rosedale states:
   "Please be advised that this office recently learned that suit papers have been filed in the above captioned matter, and that default judgment has been obtained. Information further indicates that this matter will be scheduled for inquisition on November 1, 1967. This advice is forwarded in order that you may take such action as you may deem necessary."

during which the court could exercise its discretionary power over the judgment had expired.

■ Travelers' conduct provides an additional ground for holding that it cannot claim that Rosedale is estopped from showing compliance with the cooperation clause of the policy. It is well settled in Maryland that "[o]ne claiming the benefit of an estoppel must not only be free from fraud in the transaction but he must also act with good faith and reasonable diligence; otherwise no equity arises in his favor." Chesapeake Homes, Inc. v. McGrath, 249 Md. 480, 240 A.2d 245, 250 (1968).

Rosedale's compliance with the cooperation clause of the policy, which it is not estopped from showing, and Travelers' breach of its duty to defend Rosedale require that the judgment for Travelers be set aside and that final judgment be entered for Rosedale. The judgment of the district court is reversed, and this case is remanded for further proceedings consistent with this opinion.

ALBERT V. BRYAN, Circuit Judge (concurring):

An insurer should not be permitted to give its insured to understand that upon receiving word of a claim, the insurer will do *what is necessary* to protect the insured, and then retract protection on the ground that the insured had afterwards failed to perform some term of the policy. The majority's decision may, I fear, suggest that the insurer can do just that.

The charge of Travelers against the insured, Rosedale, was that it had violated the insurance policy. The default pleaded was that it did not "forward" the suit papers to Travelers as outlined in condition 11 of the policy reading:

> "Notice of *Claim or* Suit. If claim is made *or* suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons *or* other process received by him or his representative." (Accent added.)

In my interpretation the insured fully met the exaction of the policy. To begin with, by the terms in the quoted stipulation, the policy was satisfied when the insured advised Travelers of the claim. The notice was on a form provided by Travelers. Thus the insured did "forward" the "demand" and the "notice" mentioned in the policy proviso. The title to this section and its first clause equate claim and suit. The requirements fit either, for they are phrased in the disjunctive. Hence word of the claim fulfilled condition 11.

My construction—that on notice of the claim the insurer was bound to anticipate suit—is feared by the carrier lest it relieve an insured of his asserted contractual obligation to send in any suit papers. Here, however, this apprehension is academic. The company's attorney had conferred with claimant's lawyer towards consummating a settlement. The latter upon failure of a treaty advised Travelers that he would file suit. Furthermore, Travelers had noted upon its own file that "suit is anticipated". Moreover, imminence of suit was predicted by the shortness of the time remaining before the statute of limitations would bar the action.

When an insured has notified the insurer of a claim which is within the policy, and the insurer has accepted the responsibility for it, I am convinced that the great percentage of policyholders are lulled into a feeling of security. It is so intended. This confidence is justified by the common representations of insurers. Unless the insured is suspicious or is a scrutinizer of policies, he believes he has no further cause for concern.

The ordinary policyholder would be amazed to know that the insurer may, without further notice to him, cease its earlier solicitude and leave the insured to maintain the lookout, at his own risk, for further assault by the claimant. He would be appalled to know that otherwise the insurer escapes, freed of liability and the insured denuded of protection. This is what Travelers attempted

here. I think this possibility is condemnable.

The insurer's liability is rested by the Court on the mere chance, personal call of the deputy clerk of the State Court to Travelers' attorney. Without this happenstance, according to the opinion, Travelers would have been discharged of any obligation. For me this is a tenuous teaching of insurance law.

Unless we forthrightly deny the policy violation attributed to the insured, the impression will be gained from the opinion that, even in the present circumstances, the insured would be released of all liability if it was not handed the suit papers. I deplore any such implication. It would mean that after an insurer had received the claim, investigated it and endeavored to settle it, the insurer could, by remaining silent, escape responsibility. This possibility imposes an unjustified anxiety upon the insured.

While I join in the present decision, I regret the opinion's failure to hold Travelers on the broader ground.

Haynsworth, Chief Judge, dissented and filed opinion.