### Melvin TUCKER
v.
### READING COMPANY
v.
### ROYCE KERSHAW CO., Inc.
### Civ. A. No. 69–1603.

United States District Court,
E. D. Pennsylvania.

Feb. 24, 1972.

Milford Meyer, Philadelphia, Pa., for Melvin Tucker.

William J. Taylor, Philadelphia, Pa., for Reading Company.

F. Hastings Griffin, Jr., Philadelphia, Pa., for Royce Kershaw Co., Inc.

### MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Counsel for the third-party defendant have argued to this Court that we are without jurisdiction to hear Reading Company's case against it because a clerk in the docketing office may have marked the case closed. It is to dispose of this dilatory suggestion that this, the third opinion [1] in this matter, must be written.

Melvin Tucker's original action against the Reading Company, brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., was settled out of court. An order dismissing the case was stipulated to by those parties alone, on an order sheet captioned with their names alone, although all other order and brief sheets carried the names of all parties.

Counsel for Royce Kershaw relies upon local rule 23(b) as authority for his motion [2] to dismiss the case. The rule states in part:

Any such order of dismissal may be vacated, modified, or stricken from

---

1. See, Tucker v. Reading Co. v. Royce Kershaw Co., Inc., 53 F.R.D. 453 (E.D. Pa.1971); and Tucker v. Reading Co. v. Royce Kershaw Co., Inc., Memorandum and Order dated November 19, 1971 (335 F.Supp. 1269, United States District Court for the Eastern District of Pennsylvania).

2. No formal motion has been filed, but at a conference with us we were asked to rule on counsel's informal request by this opinion.

the record, for cause shown, upon the application of any party within ninety (90) days of the entry of such order of dismissal.

The case against Royce Kershaw was not dismissed. The attorneys involved in the underlying F.E.L.A. action agreed to an out of court compromise of their case. The stipulation, as noted, intentionally mentioned only the plaintiff and original defendant. It had even been discussed, and agreed to, in court[3] that the then pending settlement would not affect the existence of Reading's action over against Royce Kershaw.

On June 28, 1971, we entered summary judgment against Reading and in favor of the third-party defendant on both of Reading's claims for recovery from Royce Kershaw, i. e., contribution and indemnity. Within fifteen days Reading filed motions to amend and vacate.[4] The following day the stipulation to dismiss was filed.

We fail to see how a stipulation to dismiss as to two of the three parties in an action, specifically leaving out the third party, after an in-court discussion of the fact that the third-party action remained at least arguably viable, and was later determined by us to be viable, can possibly negate the existence of the third-party action.

And now, to wit, this 24th day of February, A.D.1972, it is ordered that third-party defendant Royce Kershaw's motion to find an absence of jurisdiction be and the same is hereby denied.

---

3. On June 24, 1971. This hearing was attended by counsel for Royce Kershaw.

4. No argument has been advanced that the June 28, 1971, summary judgments pre-

clude Reading from its present action, nor could it be as all of Reading's motions were timely filed. Our opinion of November 19, 1971, granted Reading permission to seek contribution.