J-A07031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PA WASTE TRANSFER LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVANS DISPOSAL, LLC, DOUGLAS | : | |
| EVANS AND PATRICIA EVANS AND | : | |
| RONALD COLEMAN | : | No. 426 MDA 2024 |
| | : | |
| | : | |
| APPEAL OF: RONALD COLEMAN | : | |

Appeal from the Order Entered February 29, 2024
In the Court of Common Pleas of Northumberland County
Civil Division at No: CV-2015-01845

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:　　　　　**FILED SEPTEMBER 02, 2025**

Appellant Intervenor, Ronald Coleman, appeals from the trial court's February 29, 2024, order denying Appellant's motion to file a *nunc pro tunc* Pa.R.A.P. 1925(b) statement.  We vacate and remand.

This action, commenced by PA Waste Transfer LLC ("PAW") against Evans Disposal, LLC, Douglas Evans and Patricia Evans (collectively, "Evans") on October 1, 2015, arises out of an alleged breach of a disposal transfer agreement.  PAW obtained injunctive relief against Evans by order of April 12, 2019.  The order preserved Evans' home as an asset for potential recovery by PAW.  Subsequently, Appellant and Evans entered into a promissory note for $350,000.00, secured by the Evans home, to procure Appellant's consulting services for Evans.

By order of February 28, 2023, the trial court granted PAW's motion to release to it certain escrowed funds. This Court dismissed without prejudice Appellant's first attempted appeal from that order, docketed at 457 MDA 2023, based on Appellant's failure to file a Pa.R.A.P. 1925(b) statement. Our July 17, 2023, dismissal order noted that Appellant could seek *nunc pro tunc* relief in the trial court, as it appeared that the prothonotary failed to provide notice of the Rule 1925 order in accord with Pa.R.Civ.P. 236. Upon remittal, however, Appellant filed an untimely Pa.R.A.P. 1925(b) statement and notice of appeal without first seeking trial court permission to file the statement *nunc pro tunc*. By order of October 30, 2023, this Court dismissed the second attempted appeal, docketed at 1053 MDA 2023, without prejudice to seek relief in the trial court.

On remittal from 1053 MDA 2023, Appellant sought permission from the trial court to file his Pa.R.A.P. 1925(b) statement *nunc pro tunc*. The trial court held a hearing and denied relief by order of February 29, 2024. Appellant's appeal from that order is presently before us. He also purports to appeal from the February 28, 2023, order releasing escrow funds to PAW. We conclude the trial court erred in denying Appellant's motion to file a 1925(b) statement *nunc pro tunc*, and therefore do not address Appellant's substantive issues.

Our review of the certified docket reveals that the trial court's April 13, 2023, order directing the filing of a concise statement was not served on

Appellant in accordance with Rule 236. Rule 236 requires the prothonotary to give notice of any court order and indicate on the docket that notice was given in accordance with Rule 236. The docket contains no Rule 236 notation. Rather, the docket indicates that the trial court served courtesy copies of its orders on the parties, though Appellant claims he never received his copy.

The applicable procedural rules address the issue before us in detail. Rule 108(b) of the Rules of Appellate Procedure provides that an appealable order is entered as of the date on which the clerk of courts marks on the docket that notice of the order was given in accord with Pa.R.Civ.P. 236. Pa.R.A.P. 108(b). Due to an apparent breakdown in the system, no Rule 236 notice was given in this case. Rule 1925, in turn permits the filing of a *nunc pro tunc* statement in "extraordinary circumstances." Pa.R.A.P. 1925(b)(2)(i). In specific, regarding civil cases, the Rule provides: "Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing or service *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." Pa.R.A.P. 1925(c)(2). Per the Note to Rule 1925, "*nunc pro tunc* relief is allowed only where there has been a breakdown in the process constituting extraordinary circumstances." Pa.R.A.P. 1925, Note.

Instantly, there is no doubt that a breakdown occurred, as the prothonotary failed to note the provision of Rule 236 service in the docket,

and thus, per Pa.R.A.P 108, the appeal period never began to run. The trial court disregarded these rules, reasoning instead that "[u]nder the 'mailbox rule' first-class mail not returned is presumed received." Order 2/29/24, at ¶ 3 (citing **Meierdierck v. Miller**, 147 A.2d 406, 408 (Pa. 1959)). Thus, the trial court relied on its own service of its order on Appellant, presumably by first class mail. Because this does not conform with the applicable rules, and because the docket contains no Rule 236 notification, we conclude that the trial court erred in refusing to permit Appellant to file his Pa.R.A.P. 1925(b) statement *nunc pro tunc*. On remand, Appellant may file, *nunc pro tunc*, a Pa.R.A.P. 1925(b) statement, to be followed by the issuance of a Pa.R.A.P. 1925(a) opinion from the trial court. We vacate the trial court's February 29, 2024 order and remand for further proceedings consistent with this memorandum.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/02/2025

- 4 -